# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VERITEX COMMUNITY BANK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **v.** | § | |
| | § | **JURY** |
| **THE TRAVELERS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**INDEX OF STATE COURT MATERIALS**

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | Docket Sheet |
| A-2 | 04/01/2015 | Plaintiff's Original Petition |
| A-3 | 04/15/2015 | File copy of Citation |
| A-4 | 04/22/2015 | Affidavit of Process Server |
| A-5 | 05/18/2015 | Defendant's Original Answer |
| A-6 | 05/18/2015 | Defendant's First Amended Answer |

# Exhibit A-1

Case 3:15-cv-01713-P   Document 1-1   Filed 05/18/15   Page 4 of 29   PageID 8

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back          Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-03725

| | | | |
|---|---|---|---|
| **VERITEX COMMUNITY BANK vs. THE TRAVELERS INC** | § § § § § | Case Type: | **INSURANCE** |
| | | Date Filed: | **04/01/2015** |
| | | Location: | **95th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **THE TRAVELERS INC** | **WILLIAM LANCE LEWIS**<br>*Retained*<br>214-871-2100(W) |
| **PLAINTIFF** | **VERITEX COMMUNITY BANK** | **D WOODARD GLENN**<br>*Retained*<br>214-871-9333(W) |

---

### EVENTS & ORDERS OF THE COURT

|  |  |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 04/01/2015 | **NEW CASE FILED (OCA) - CIVIL** |
| 04/01/2015 | **ORIGINAL PETITION** |
| | *Original Petition* |
| 04/07/2015 | **REQUEST FOR SERVICE** |
| 04/07/2015 | **ISSUE CITATION** |
| 04/15/2015 | **CITATION** |
| | *ESERVE* |
| | THE TRAVELERS INC          Served          04/20/2015 |
| | Returned          04/22/2015 |
| 04/15/2015 | **CITATION ISSUED** |
| 04/17/2015 | **NOTE - ADMINISTRATOR** |
| | *Set for initial dismissal (service/default) June 4, 2015. Notice faxed to counsel.* |
| 04/22/2015 | **RETURN OF SERVICE** |
| | *AFFIDAVIT OF SERVICE* |
| 04/29/2015 | **VACATION LETTER** |
| 04/29/2015 | **VACATION LETTER** |
| 05/18/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** |
| 05/18/2015 | **AMENDED ANSWER - AMENDED GENERAL DENIAL** |
| | *DEFENDANT'S 1ST* |
| 06/04/2015 | **DISMISSAL FOR WANT OF PROSECUTION**  (8:30 AM) (Judicial Officer MOLBERG, KEN) |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **PLAINTIFF** VERITEX COMMUNITY BANK | | | |
| | Total Financial Assessment | | | 285.00 |
| | Total Payments and Credits | | | 285.00 |
| | **Balance Due as of 05/18/2015** | | | **0.00** |
| 04/03/2015 | Transaction Assessment | | | 277.00 |
| 04/03/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 19499-2015-DCLK | VERITEX COMMUNITY BANK | (277.00) |
| 04/08/2015 | Transaction Assessment | | | 8.00 |
| 04/08/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 20421-2015-DCLK | VERITEX COMMUNITY BANK | (8.00) |

# Exhibit A-2

FILED
DALLAS COUNTY
4/1/2015 2:16:47 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-01713-P   Document 1-1   Filed 05/18/15   Page 6 of 29   PageID 10

Tonya Pointer

CAUSE NO. _____   DC-15-03725

| | | |
|---|---|---|
| VERITEX COMMUNITY BANK, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| THE TRAVELERS, INC., | § | |
| | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Veritex Community Bank, Plaintiff herein, and complains of The Travelers, Inc., Defendant herein, and for causes of action would show the Court as follows:

### Discovery Control Plan

1.      Plaintiff alleges that discovery in this matter should be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### Statement of Cause of Action and Relief Sought

2.      Plaintiff states as follows:

   a.      The cause of action pertains to a breach of contract and unfair insurance practices;

   b.      The damages sought are within the jurisdictional limits of the Court; and

   c.      The damages sought are monetary relief of $100,000 but not more than $500,000.

### Parties

3.      Plaintiff, Veritex Community Bank, is a banking association doing business in Dallas, Texas.

4.      Defendant, The Travelers, Inc. ("Travelers"), is an insurance company, which may be served with process by serving CT Corporation System, its registered agent, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## Jurisdiction/Venue

5.      The parties are subject to the jurisdiction of this Court.  Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to the claims occurred in Dallas County, Texas.  Specifically, the insurance policy at issue was sold and delivered in Dallas County.

## Facts

6.      Plaintiff has a property insurance policy with Travelers that insures Plaintiff's business property, among other things.

7.      On or around April, 2014, Plaintiff discovered that its roofing system was in imminent danger of collapse and had severe impairment to its structural integrity.  The discovery of the structural issues related to Plaintiff's roof followed severe weather conditions in the winter of 2013.

8.      Plaintiff complied with its insurance policy conditions and filed a valid claim with Travelers, seeking to recover for the damages caused to its roofing system.

9       However, although the property was insured by Travelers under the policy at the time the damage occurred, Travelers denied Plaintiff's claim and refused to cover the loss.  In a letter dated September 16, 2014, Travelers denied the claim, saying, "[t]here was no evidence of new structural failure that could be attributed solely to the December 5, 2013 weather event or that would have worsened the condition of the wooden roof system, which had already failed structurally prior to the involved December 5, 2013 event

as concluded".  Travelers further stated, "the cause of loss was a pre-existing, long-term condition resulting from a material-related deficiency associated with the effects of Fire Resistant Treatment (FRT) chemicals", and that the policy does not cover the "use of defective material or methods of construction, remodeling or renovation […] unless it is caused in part by the weight of ice and snow."

10.    Travelers' reason for denying the claim is factually incorrect.  The policy covers damages from a collapse contributed, in part, to the weight of precipitation, and defines "collapse" as a non-abrupt event.  Further, the exclusions related to defective materials or methods of construction and because of a pre-existing condition does not apply.

11.    First, Plaintiff presented a claim to Travelers, without specifying the causes of the collapse.  Travelers stated at the beginning of their responsive letter, dated September 16, 2014, ("Travelers' Response") summarily, and without substantiation, ruled out the December 5, 2013, weather event known as the "Icepocalypse"[1] of Dallas in the winter of 2013 as a contributing factor to the collapse.  Travelers has in no way refuted that the Icepocalypse was not at least a contributing factor, if not the sole factor, to the collapse of the roof.

12.    Second, the Travelers' Response designated the date of loss as April 11, 2014. Plaintiff never stated the loss occurred on that date.  Moreover it is clear from the nature of the damage that it was a gradual, if not latent, event, occurring well before April 11, 2014, and that it was only discovered on April 11, 2014.

---

[1] Eric Aasen, *Icepocalypse 2013*, KERA News, December 9, 2013, http://keranews.org/term/icepocalypse-2013;
Stella Chavez, *Texas Ice Storm Plus Sand, Traffic Equals 'Cobblestone Ice'*, NPR, December 20, 2013, http://www.npr.org/2013/12/10/250012718/dallas-struggling-to-dig-out-from-winter-storm;
Joanna England, *Post-Icepocalypse blues: How to deal with broken trees in your yard*, The Dallas Morning News, December 18, 2013, http://go.dallasnews.com/news/2013/dec/18/how-deal-broken-trees-your-yard/.

13.    Third, there is little or no evidence that the collapse/structural failure occurred as early as 2007 as suggested in the Travelers' Response.  UBS, engineers engaged by Travelers, states that there was evidence of prior reinforcement of damaged supports, and that some of the reinforcement wood was manufactured within the last "15 years," but that in no way should be used by Travelers to infer or corroborate that the collapse occurred in 2007.  The reinforcement wood was apparently used at some undetermined time within the last 15 years, which includes the years when Travelers was on risk.

14.    Fourth, Travelers makes a few of its assumptions and inferences based on pre-2011 pictures.  Any conclusions Travelers draws from these blurred and grainy pictures is speculative and not credible.

15.    Fifth, Travelers wrote nearly identical coverage for Plaintiff for several years prior to the policy under which coverage is denied.  UBS summarily states several times that the weather could not have been a contributing factor without support for such assumption.  There is no basis for summarily stating that the ice buildup on any given day was insignificant.

16.    Sixth, the letter from Travelers fails to acknowledge the following language under the heading "ADDITIONAL COVERAGE – COLLAPSE" in section 1 B of the policy, which defines "collapse" as a non-abrupt event:

> "*A building or any portion of a building that has not abruptly fallen down or caved in, but is in imminent danger of abruptly falling down or cave in, or has suffered a substantial impairment of structural integrity.*"

This coverage applies in this situation.  Whether the roof was reinforced in the past or not is irrelevant to whether this is a covered loss.  What is critical under the "ADDITIONAL COVERAGE – COLLAPSE" is the existence of a non-abrupt event, including loss of

structural integrity, that makes the roof an imminent danger of collapse. There is evidence that the roof sustained one or more events that have caused it to weaken and sag over time, leading to its current condition which is confirmed by UBS as imminently dangerous. There is no evidence establishing that the structural failure didn't arise during one of the several Travelers policy years.

17.    Lastly, there is no probative value to UBS employees' testimony about the structural failure "long-predating" the Icepocalypse.

18.    Because the policy provides coverage for Plaintiff's property at 10703 Preston Road, Dallas, Texas 75230, Travelers' failure to pay Plaintiff's claim is a breach of contract and violates the Texas Insurance Code.  Further, Travelers' failure to pay Plaintiff's claim in a timely manner violates the Prompt Payment Statute[2].  Moreover, Travelers' Response to Plaintiff representing that the policy did not provide coverage is a misrepresentation of the policy and constitute unfair insurance practices in violation of the Texas Insurance Code.

### Conditions Precedent

19.    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

### First Cause of Action:  Breach of Contract

20.    Travelers has breached its contract with Plaintiff.  A breach of contract occurs when: (1) there is a valid, enforceable contract; (2) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (3) the

---

[2] TEX. INS. CODE ANN §542.054.

defendant breached the contract; and (4) the defendant's breach caused the plaintiff injury.

21.     At the time of the loss, Plaintiff had a commercial property insurance policy issued by Travelers, policy number HO660 -2B244552.  The policy is a contract between Plaintiff and Travelers.  Plaintiff performed its obligations under the policy.  It timely paid all of its premiums and provided timely notice of the claim.  All conditions precedent to recovery have been performed.  As set forth above, Travelers breached its contract with Plaintiff by failing to comply with the terms of the policy and refusing to pay Plaintiff's claims for the damages and costs in connection with their loss.  The policy covered the business property, and in particular the collapse of Plaintiff's roofing system, which extends coverage to the events described hereinabove by defining collapse as a non-abrupt event.

22.     As a result of such breach, Plaintiff has suffered damages in an amount beneath the policy benefits.  Plaintiff has suffered damages within the jurisdictional limits of the court.

## Second Cause of Action: Unfair Insurance Practices

23.     As detailed in the preceding paragraphs, Travelers has engaged in unfair and deceptive acts in the business of insurance in violation of the Texas Insurance Code, Specifically, Travelers has committed the following unfair insurance practices:

(a)     **Misrepresenting the terms or benefits of the policy in violation of Tex Ins. Code §§ 541.051(1)(A) & (B).**

24.     Travelers misrepresented that the policy did not provide coverage for the loss occurring at 10703 Preston Road, Dallas, Texas 75230.  Travelers misrepresented that the policy does not provide coverage even though they are well aware that the policy

covers gradual, non-abrupt, collapse of a roofing system.  In the Travelers' Response, they have defined collapse solely as "an abrupt falling down or caving in of a building or any portion of a building with the result that the building or portion of the building cannot be occupied for its intended purpose".  Travelers has intentionally withheld from Plaintiff the policy's additional coverage allowing for non-abrupt collapse.  Specifically, Travellers has failed to abide by the language of the policy, extending the definition of collapse to "any portion of a building that has not abruptly fallen down or caved in, but is in imminent danger of abruptly falling down or cave in, or has suffered a substantial impairment of structural integrity".  This fact is critical to the policy's coverage of Plaintiff's property because if the Icepocalypse was a contributing factor to the collapse then the damage would be covered.  It is clear that Travelers is misrepresenting the policy's benefits by failing to disclose that the collapse of the roofing system can be a non-abrupt event.

      **(b)**      **Misrepresenting to a claimant a material fact relating to coverage at issue in violation of Tex. Ins. Code § 541.060(a)(1) and making an untrue statement of material fact in violation of Tex. Ins. Code § 541.061(1).**

25.     Travelers misrepresented that the loss to Plaintiff occurred on April 11, 2014, when they are well aware that the loss occurred before that date.  Travelers downplays the Icepocalypse or other precipitous factors so as to remove the point of inception of damages to a date prior to the date of loss they allege, April 11, 2014, and downplay the Icepocalypse as a contributing factor in the collapse of Plaintiff's roof.  This misrepresentation combined with the misrepresentation of the definition of collapse shows that Travelers is actively seeking to withhold material facts relevant to the policy's coverage.  Therefore, Travelers is attempting to paint a picture favorable to itself by

showing that the loss occurred on April 11, 2014, when they are well aware that it is more probable that the loss had occurred, or began to occur, before that date.

    **(c)**    **Representing that services had benefits and characteristics they did not have and that an agreement conferred to involved rights, remedies, or obligations it did not have in violation of Tex. Bus. & Com. Code §§ 17.46(b)(5) & (12).**

26.    In the Travelers' Response, Travelers falsely represented that the policy did not provide coverage for Plaintiff's property.  Specifically, Travelers claimed that the policy limited coverage to collapse as an abrupt falling down or caving in of the roof and claimed that the additional coverage did not apply.  Further Travelers claimed that the loss occurred on April 11, 2014, and actively sought to draw attention away from contributing factors that would be covered under the policy and claimed damages were due to defects in construction or materials used when it had provided coverage several years prior to the date of loss presumptuously aware of, as they have alleged, defective construction and the use of faulty materials.

    **(d)**    **Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement after liability for Plaintiff's claim became reasonably clear, in violation of Tex. Ins. Code § 541.060(a)(2).**

27.    Travelers' liability is reasonably clear because the policy clearly provides coverage for Plaintiff's property.  The additional coverage extends to collapse as a non-abrupt event.  Plaintiff's letter brought this coverage to Travelers' attention but Travelers persisted in denying the claim.

## Third Cause of Action:   Prompt Payment Violations

28.    Plaintiff is insured under a contract of insurance issued by Travelers.  Plaintiff suffered a loss discovered in April, 2014, and covered by the policy due to the gradual collapse of its roofing system at one of its property due to significant ice, rain, and snow

storm during the winter months of 2013.  Plaintiff gave proper notice to Travelers on April 11, 201.  That claim must be paid by Travelers to Plaintiff.

29.      Travelers is liable for the claim and had a duty to pay the claim in a timely manner. Travelers did not pay the claim within sixty days after receiving all items reasonably requested and required.  Travelers has therefore violated the Prompt Payment of Claims Statute, Tex. Ins. Code § 542.058(a).  As a result, Travelers is liable to pay Plaintiff, in addition to the amount of claim, damages at the rate of 18% per year, together with reasonable attorneys' fees.  Tex. Ins. Code § 542.060(a).

## Damages

30.      As a direct result of Travelers' wrongful conduct, Plaintiff has suffered actual damages that are within the jurisdictional limits of the court, representing, within the policy limits, a damages to their roofing system and the repair and/or construction of a new roofing system, all of which Plaintiff is entitled to recover.  Plaintiff is also entitled to recover damages as outlined under Texas Insurance Code § 542.060.

## Additional Damages

31.      Because Travelers' acts and omissions were committed knowingly, it is liable for additional damages as a penalty or by way of punishment under Texas Insurance Code § 541.152(b), up to three times the amount of actual damages.

## Attorneys' Fees

32.      Plaintiff is entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practice and Remedies Code § 38.001 because this is a suit for breach of a written contract, and under Texas Insurance Code §§ 541.152 and 542.060 because this is a suit involving violations of the Texas Insurance Code.

## Jury Demand

33. Plaintiff requests that a jury decide this case, as allowed by Texas Rule of Civil Procedure 216.

## Prayer

34. Plaintiff asks that the Court issue citation for Travelers to appear and answer. Plaintiff respectfully prays that upon final trial of this case they have judgment against Travelers for their actual damages, additional damages, prejudgment interest, post-judgment interest, reasonable and necessary attorneys' fees, costs, and such other relief which Plaintiff may show itself justly entitled to receive.

Respectfully submitted,

D. WOODARD GLENN, P.C.

By:__ **/s/ D. Woodard Glenn**_____
    D. Woodard Glenn (SBN 08028400)
    wglenn@dwgpc.com
    Matthew B. Glenn (SBN 24083077)
    mglenn@dwgpc.com
    2626 Cole Avenue, Suite 510
    Dallas, Texas 75204
    (214) 871-9333
    (214) 871-7131 Fax
    **ATTORNEYS FOR PLAINTIFF**

# Exhibit A-3

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

**THE TRAVELERS INC**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VERITEX COMMUNITY BANK**

Filed in said Court **1st day of April, 2015** against

**THE TRAVELERS INC**

For Suit, said suit being numbered **DC-15-03725**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
　　　　/s/ Carmen Moorer
　　　　CARMEN MOORER

---

**ESERVE**

# CITATION

## DC-15-03725

**VERITEX COMMUNITY BANK**
**vs.**
**THE TRAVELERS INC**

ISSUED THIS
**15th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

**Attorney for Plaintiff**
D WOODARD GLENN
WGLENN@DWGPC.COM
2626 COLE AVE STE 510
DALLAS TX 75204
214-871-9333



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-15-03725

Court No.95th District Court

Style: VERITEX COMMUNITY BANK

vs. THE TRAVELERS INC

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20 _____, by delivering to the within named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _____    _____

For mileage    $ _____    of _____ County, _____

For Notary    $ _____    By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

# Exhibit A-4

FILED
DALLAS COUNTY
Dianne Coffey 4/22/2015 1:54:13 PM
FELICIA PITRE
DISTRICT CLERK

Client# **1541**

# NightHawk Investigations, Inc.

INVESTIGATION * TRIAL PREPARATION * SURVEILLANCE
Phn (972) 222-HAWK   Fax (972) 222-9940

NHI ID: **1,674,722**

Person or Entity that was served: **AFFIDAVIT OF PROCESS SERVER**

Employer

Subject: | THE TRAVELERS INC BY SERVING CT CORP
Add1 | 1999 BRYAN ST STE 900 | Add2
 | DALLAS | TX | 75201

Client Info: | D WOODARD GLENN | Phn: | (214) 871-9333
Attn: | DAVID LUBIN | Fax: | (214) 871-7131
 | 2626 COLE AVE #510
 | DALLAS | TX | 75204

*COURT:* 95TH DISTRICT COURT

*DOCKET:* DC-15-03725

*CASE NAME:* VERITEX COMMUNITY BANK VS. THE TRAVELERS, INC

**DOCUMENTS:**
*CITATION;PLAINTIFF'S ORIGINAL PETITION*

**Service Attempts: Please Document Date, Time, Disposition:**

4/20/2015 2:35PM JH: I, JAMIE HAYES, PERSONALLY SERVED THE TRAVELERS INC BY SERVING CT CORP AT 1999 BRYAN ST STE 900, DALLAS, DALLAS COUNTY, TX 75201.

4/20/2015 1:30PM JH: DOCUMENTS RECEIVED.

AUTHORIZED BY :
TEXAS SUPREME COURT
ID#SCH804l6 exp. 1/31/17
NIGHTHAWK INVESTIGATIONS, INC.

**Manner of Service:**

- ● Personal: By personally delivering documents to the person or entity being served.
- ○ Substitute at Residence: By leaving documents at the home of the person being served with a member over 18 years old.
- ○ Substitute at Business: By leaving documents at the office during normal business hours with the person apparently in charge thereof.
- ○ Posting: By posting documents in a conspicuous manner to the front door or gate of the person or entity being served.
- ○ Non Service: After diligent attempts to serve documents, I have been unable to effect process upon the person or entity being served.

I, _Jamie Hayes_ , being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service, and to my personal knowledge, the facts stated in this affidavit are true and correct.

Signed: _Jamie Hayes_   Date: _4/20/2015_

STATE OF TEXAS:
SUBSCRIBED AND SWORN TO, BEFORE ME THIS _20th_ DAY OF _april_ _2015_

_M Heuys_
Notary Public

NightHawk Investigations, Inc.
Post Office Box 852968, Mesquite TX 75185



M. HAYES
Notary Public, State of Texas
My Commission Expires
MARCH 16, 2016

# Exhibit A-5

FILED
DALLAS COUNTY
5/18/2015 9:49:43 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-01713-P   Document 1-1   Filed 05/18/15   Page 22 of 29   PageID 26

## CAUSE NO. DC-15-03725

| | | |
|---|---|---|
| **VERITEX COMMUNITY BANK,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **THE TRAVELERS, INC.** | § | |
| | § | |
| **Defendant.** | § | **95TH JUDICIAL DISTRICT** |

## DEFENDANT THE TRAVELERS, INC.'S ORIGINAL ANSWER

In response to Plaintiff's Original Petition (the "Petition"), Defendant The Travelers, Inc. ("Travelers") ("Travelers" or "Defendant") files its Original Answer.

## I.

## GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant The Travelers, Inc. prays that Plaintiff take nothing by this suit, and that Defendant goes hence and recovers costs on its behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*

WM. LANCE LEWIS
State Bar No. 12314560
MARCIE L. SCHOUT
State Bar No. 24027960
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
mschout@qslwm.com

**ATTORNEYS FOR DEFENDANT
THE TRAVELERS, INC.**


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been furnished to counsel of record as provided below, via electronic service and/or facsimile, in accordance with the Texas Rules of Civil Procedure, this 18th day of May 2015:

D. Woodard Glenn
Matthew B. Glenn
D. Woodard Glenn, P.C.
2626 Cole Avenue, Suite 510
Dallas, TX 75204
Fax:  214-871-7131

*/s/ Wm. Lance Lewis*

Wm. Lance Lewis / Marcie. L. Schout

# Exhibit A-6

FILED
DALLAS COUNTY
5/18/2015 12:25:36 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-01713-P   Document 1-1   Filed 05/18/15   Page 25 of 29   PageID 29

## CAUSE NO. DC-15-03725

| | | |
|---|---|---|
| **VERITEX COMMUNITY BANK,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **THE TRAVELERS, INC.** | § | |
| | § | |
| **Defendant.** | § | **95TH JUDICIAL DISTRICT** |

## <u>DEFENDANT THE TRAVELERS, INC.'S FIRST AMENDED ANSWER</u>

In response to Plaintiff's Original Petition (the "Petition"), Defendant The Travelers

Companies, Inc.,[1] incorrectly named as The Travelers, Inc. ("Travelers" or "Defendant") files its

First Amended Answer.

## I.

## <u>GENERAL DENIAL</u>

Defendant denies all and singular the allegations contained in the Petition and demands

strict proof thereof.

## II.

## <u>ADDITIONAL DEFENSES</u>

1.      Defendant denies all conditions precedent to Plaintiff's claims for recovery have

occurred or been met, and they have not been waived.

2.      Defendant is not the proper defendant.  It is not the entity that issued the insurance

policy at issue.

---

[1]      The Travelers, Inc. does not exist.  It is assumed Plaintiff intended to sue The Travelers Companies, Inc.

3.      Coverage is precluded to the extent the loss was not caused by a "Covered Cause of Loss."

4.      Coverage is precluded to the extent that the loss occurred outside the policy period.

5.      Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property that has not been repaired or replaced.

6.      All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

7.      Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer, if any, including Travelers.

8.      Plaintiff's claims are barred in whole or in part by the wear and tear exclusion.

9.      Plaintiff's claims are barred in whole or in part by the exclusion for damage or loss due to "[r]ust, other corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself."

10.     Plaintiff's claims are barred in whole or in part by the exclusion for damage or loss due to "[s]ettling, cracking, shrinking or expansion."

11.     Plaintiff's claims are barred in whole or in part by the exclusion for damage or loss due to collapse.

12.     Plaintiff's claims are barred in whole or in part by the exclusion for faulty, inadequate or defective: "(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction,

renovation or remodeling; or (4) Maintenance; of part or all of any property on or off the described premises."

13.     To the extent the damage at issue was caused by a "collapse" as defined in the additional coverage for collapse, Plaintiff's claims are barred in whole or in part because the "collapse" was not caused by a "specified cause of loss".

14.     Plaintiff has failed to mitigate its damages.

15.     Plaintiff's claims are subject to the policy limits of the insurance policy at issue, as well as the applicable deductible.

16.     To the extent Plaintiff seeks exemplary damages, those claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit, and that Defendant goes hence and recovers costs on its behalf expended.

Respectfully submitted,


*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
MARCIE L. SCHOUT
State Bar No. 24027960
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
mschout@qslwm.com

**ATTORNEYS FOR DEFENDANT**
**THE TRAVELERS COMPANIES, INC.**
**INCORRECTLY NAMED AS**
**THE TRAVELERS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that a true and correct copy of the foregoing instrument has been furnished to counsel of record as provided below, via electronic service and/or facsimile, in accordance with the Texas Rules of Civil Procedure, this 18th day of May 2015:

    D. Woodard Glenn
    Matthew B. Glenn
    D. Woodard Glenn, P.C.
    2626 Cole Avenue, Suite 510
    Dallas, TX 75204

                */s/ Wm. Lance Lewis*
                Wm. Lance Lewis / Marcie. L. Schout